**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-03098-RBJ

JOSEPH MALDONADO,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, COLORADO, and
EDWARD LEGER, Individually and as Police Lieutenant with City and County
of Denver Police Department

      Defendants.

---

**JOINT MOTION TO STAY DISCOVERY
AND VACATE SCHEDULING ORDER DEADLINE**

---

Plaintiff Joseph Maldonado and Defendants City and County of Denver ("Denver") and Edward Leger, through their respective undersigned counsel, submit the following Joint Motion to Stay Discovery and Vacate Scheduling Order Deadline. As grounds, the parties state as follows:

1.     This case involves the Plaintiff's claim that Denver's policy restricting expressive activity in Red Rocks Park violates his First and Fourteenth Amendment rights. Plaintiff moved for a preliminary injunction, [Doc. # 12], and the Court issued a Minute Order stating that it preferred to address the preliminary injunction after ruling on the legal issues that Defendants intended to raise in a motion to dismiss, [Doc. # 17]. The Court subsequently ordered the parties to submit a proposed scheduling order forty-five days after the date on which Defendants filed a responsive pleading to Plaintiff's Verified Complaint. [Doc. # 19].

2.      On December 8, 2020, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and Defendant Lt. Leger asserted the defense of qualified immunity in that Motion. [Doc. # 21].

3.      Counsel for the parties have conferred, and the parties respectfully request that the Court stay discovery pending its rulings on the pending motions. Although the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, it has been long held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In general, a stay is warranted upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c); *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004). A stay is also warranted when a dispositive motion is pending. *See Vivid Techs., Inc. v. A.M. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved"). The assertion of qualified immunity also warrants a stay of discovery, as "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Seigert v. Gilley*, 500 U.S. 226, 232 (1991).

4.      Here, good cause exists to stay discovery. Lt. Leger is entitled to a stay of discovery pending the resolution of his entitlement to qualified immunity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). The parties agree that discovery on Plaintiff's claim against Lt. Leger could not be severed from discovery on Plaintiff's claim against Denver, and therefore proceeding on any

discovery would run counter to the purpose of qualified immunity. The parties also agree the Court's resolution of the the the Motion to Dismiss and Motion for Preliminary Injunction may dispose of the entire action. Considering Lt. Leger's assertion of qualified immunity and the pending motions, the parties respectfully request that the Court stay discovery and vacate the deadline for the submission of a proposed scheduling order pending a resolution of the Motion to Dismiss [Doc. # 21] and Motion for Preliminary Injunction [Doc. # 12].

5.      Undersigned counsel certify that they are serving a copy of this Motion on their respective clients in compliance with D.C. COLO. LCivR. 6.1(c).

WHEREFORE, Plaintiff and Defendants respectfully request that the Court enter an Order staying discovery and vacating the deadline for submission of a proposed scheduling order pending the Court's resolution of the Defendants' Motion to Dismiss and the Plaintiff's Motion for Preliminary Injunction.

DATED this 22nd day of January, 2021.

Respectfully submitted,

*s/ Nathan W. Kellum*
Nathan W. Kellum
Center for Religious Expression
699 Oakleaf Office Lane, Suite 107
Memphis, TN 38117
Telephone: (901) 684-5485
Fax: (901) 684-5499
Email: nkellum@crelaw.org
*Attorney for Plaintiff*

*s/ Melanie B. Lewis*
Melanie B. Lewis, Assistant City Attorney
Denver City Attorney's Office
Civil Litigation Section
201 West Colfax Ave., Dept. 1108
Denver, Colorado 80202.
Telephone: (720) 913-3240
Facsimile: (720) 913-3190
E-mail: melanie.lewis@denvergov.org
*Attorney for Defendants*